IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| George Hardiman,<br>and Michelle Hardiman,<br><br>    Plaintiffs,<br><br>  v.<br><br>Atlantis Holdings (Bahamas) Limited,<br>Atlantis Resort SPE Limited,<br>Atlantis Paradise Island Limited,<br>Atlantis Resorts Limited,<br>Island Hotel Company Limited,<br>Bref Bahamas Limited,<br>Paradise Enterprises Limited,<br>Harborside at Atlantis Management Limited,<br>Marriott International, Inc.,<br>Brookfield Asset Management LLC,<br>Brookfield Property Partners L.P.,<br>Brookfield Hospitality Properties LLC, and<br>Brookfield Hospitality Management LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Now come the Plaintiffs, George Hardiman and Michelle Hardiman, pleading in the alternative as to parties, facts, and liability, and in complaining of the Defendants, Atlantis Holdings (Bahamas) Limited, Atlantis Resort SPE Limited, Atlantis Paradise Island Limited, Atlantis Resorts Limited, Island Hotel Company Limited, Bref Bahamas Limited, Paradise Enterprises Limited, Harborside at Atlantis Management Limited, Marriott International, Inc., Brookfield Asset Management LLC, Brookfield Property Partners L.P., Brookfield Hospitality Properties LLC, and Brookfield Hospitality Management LLC, state and allege as follows:

## JURISDICTION

1. Jurisdiction exists in this Court pursuant to Title 28, United States Code § 1332.

2. The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

## NATURE OF THE ACTION

3. This action arises out of the negligence of Defendants and their employees and servants, in the ownership, management, supervision and operation of their hotel, resort and aquatic theme park on Paradise Island in the Bahamas (hereinafter referred to as the Atlantis Resort). As a

result of this negligence, Plaintiff, George Hardiman, sustained serious and permanent injuries and damages, and his wife, Michelle Hardiman, suffered a loss of companionship, society and support. Plaintiffs, George Hardiman and Michelle Hardiman, were business invitees on Defendant's premises.

## PARTIES

4. Plaintiffs, George Hardiman and Michelle Hardiman, have been married and residents of Massachusetts at all relevant times herein.

5. On February 22, 2018, Defendants, Atlantis Holdings (Bahamas) Limited, Atlantis Resort SPE Limited, Atlantis Paradise Island Limited, Atlantis Resorts Limited, Island Hotel Company Limited, Bref Bahamas Limited, Paradise Enterprises Limited, Harborside at Atlantis Management Limited owned, managed, supervised and/or operated the Atlantis Resort in and under the laws of the Bahamas at all relevant times herein with their headquarters and offices located in the Bahamas.

6. On February 22, 2018, Defendant, Marriott International, Inc. owned, managed, supervised and/or operated the Atlantis Resort which was a member of its "Autograph Collection of Hotels." Marriott International, Inc. is incorporated under the laws of the state of Maryland and has its headquarters in Bethesda, Maryland, U.S.A.

7. On February 22, 2018, Defendant, Brookfield Asset Management LLC, owned, managed, supervised and/or operated the Atlantis Resort. Brookfield Asset Management LLC is an entity established in Canada and has its headquarters in Toronto, Canada and offices in New York City, New York, U.S.A.

8. On February 22, 2018, Defendants, Brookfield Property Partners L.P., Brookfield Hospitality Properties LLC, and Brookfield Hospitality Management LLC owned, managed, supervised and/or operated the Atlantis Resort, and are entities established under the laws of Bermuda and has headquarters in Hamilton, Bermuda.

## COUNT I
## NEGLIGENCE ACTION
## GEORGE HARDIMAN

9. On or about February 22, 2018, Plaintiffs, George Hardiman and Michelle Hardiman, were business invitees staying at Defendant's hotel and utilizing Defendant's facilities including a water park, river and slide with their three minor daughters.

10. On or about February 22, 2018, Plaintiffs, George Hardiman and Michelle Hardiman, and their three daughters were each controlled and guided down the water slide on inner tubes by Defendants' employees and agents.

11. At said time and place, Defendants, individually and by and through their employees and agents, were under a duty to be free from negligence and use ordinary care for the safety of others including its business invitees, the Plaintiffs and their three minor daughters.

12. Defendants, and each of them, breached said duty by doing or failing to do one or more of the following acts or omissions:

(i.) Negligently failed to properly train its employees.

(ii.) Negligently failed to supervise its employees.

(iii.) Negligently failed to properly interview, investigate and do or order background checks on applicants for employment.

(iv.) Negligently hired applicants unfit for the jobs.

(v.) Negligently failed to establish and/or enforce proper rules, procedures and guidelines for assisting, guiding and initiating customers' entry and descent down the water slides.

(vi.) Negligently pushed the plaintiff down the water slide in a backward position impeding control over his descent.

(vii.) Negligently failed to warn Plaintiff of their intended actions.

(viii.) Otherwise negligently failed to provide for the safety of its customers in the use of its water slides.

13. As a proximate result of one or more of the aforementioned negligent acts or omissions of the Defendants, and each of them, Plaintiff, George Hardiman, sustained traumatic brain, head and neck injuries requiring extensive medical care and treatment by physicians and specialists in Massachusetts. These damages are permanent and have and will require medical care, treatment and rehabilitation in the future. Plaintiff has and will have loss of his normal life and career, pain and suffering, loss of income and medically-related bills.

WHEREFORE, Plaintiff, George Hardiman, requests a jury trial and the entry of a judgment in his favor and against Defendants, and each of them, in an amount in excess of $75,000.00 plus attorneys' fees, costs and any other relief that this Court deems just and reasonable.

## COUNT II

## LOSS OF CONSORTIUM

## MICHELLE HARDIMAN

14. On or about February 22, 2018, Plaintiffs, George Hardiman and Michelle Hardiman, were business invitees staying at Defendant's hotel and utilizing Defendant's facilities including a water park, river and slide with their three minor daughters.

15. On or about February 22, 2018, Plaintiffs, George Hardiman and Michelle Hardiman, and their three daughters were each controlled and guided down the water slide on inner tubes by Defendant's employees and agents.

16. At said time and place, Defendant, individually and by and through its employees and agents, were a duty to be free from negligence and use ordinary care feeds for the safety of its business invitees.

17. Defendants, and each of them, breached said duty by doing or failing to do one or more of the following acts or omissions:

    (i.) Negligently failed to properly train its employees.

    (ii.) Negligently failed to supervise its employees.

    (iii.) Negligently failed to properly interview, investigate and do or order background checks on applicants for employment.

    (iv.) Negligently hired applicants unfit for the jobs.

    (v.) Negligently failed to establish and/or enforce proper rules, procedures and guidelines for assisting, guiding and initiating customers' entry and descent down the water slides.

    (vi.) Negligently pushed George Hardiman down the water slide in a backward position impeding control over his descent.

    (vii.) Negligently failed to warn George Hardiman of their intended actions.

    (viii.) Otherwise negligently failed to provide for the safety of its customers in the use of its water slides.

15. As a proximate result of one or more of the aforementioned negligent acts or omissions of the Defendants, and each of them, and the resulting serious and permanent injuries and damages of her husband, George Hardiman, she has and will lose his companionship, assistance, physical intimacy, social relations, chores and assistance with parenting.

WHEREFORE, Plaintiff, Michelle Hardiman, requests a jury trial and the entry of a judgment in her favor and against the Defendants, and each of them, in an amount in excess of $75,000.00 plus attorneys' fees, costs and any other relief that this Court deems just and reasonable.

_____  
Michelle Hardiman

_____  
George Hardiman

Michelle Hardiman and George Hardiman  
37 Harlow Street  
Easton, MA 02356  
U.S.A.  
(617) 968-7921  
gghardiman@comcast.net